IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RONNIE D. FLOW, JR.                                                                                    PLAINTIFF

v.                                      Civil No. 1:17-cv-01021

JUDGE KEATON; KRIS A. HIGDON,
Office of Chief Counsel, Arkansas
Department of Human Services; GREGORY
E. BRYANT, Attorney at Law; DERRIC
S. MCFARLAND, Attorney at Law; JOHN
D. LIGHTFOOT, Attorney at Law; JUDGE
DAVID TALLEY; ROBERT JEFFRIES,
Attorney at Law; INVESTIGATOR DAVID
HAMPTON, Arkansas State Police Crimes
Against Children Division; ANGIE BROWN;
And NORMA (last name unknown)                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Ronnie D. Flow, Jr. filed this case *pro se* pursuant to 42 U.S.C. § 1983 on March 21, 2017. ECF No. 1. His application to proceed *in forma pauperis* ("IFP") was granted the same day. ECF No. 3. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### BACKGROUND

Plaintiff is a pre-trial detainee in the Columbia County Detention Center in Magnolia, Arkansas, being held on pending criminal charges relating to the alleged sexual assault of his

1

children. ECF No. 1. Plaintiff has named the following Defendants in this lawsuit: Judge Keaton, Kris A. Higdon, Office of General Counsel with the Arkansas Department of Human Services ("DHS"); Gregory E. Bryant,[1] Attorney at Law; Derric S. McFarland, Attorney at Law; John D. Lightfoot, Attorney at Law; Judge David Talley; Robert Jeffries, Attorney at Law; David Hampton, Investigator Arkansas State Police, Crimes Against Children Division; Angie Brown, and Norma (last name unknown). Plaintiff is suing Defendants in both their individual and official capacities. ECF No. 1.

On May 27, 2016, after a hearing in front of Defendant Keaton, Plaintiff's parental rights to his four children were terminated in the case of Arkansas Department of Human Services v. Ronnie Flow, Jr., Columbia County Circuit Court Case No. 14-JV-15-88. Plaintiff was represented in that case by Defendant McFarland. ECF No. 1, pg. 21. Plaintiff states he is "filing a lawsuit against Judge Keaton for terminating my parental rights failed to follow proper protocol." ECF No. 1, pg. 3. Plaintiff also names Defendant Higdon, the attorney for DHS and Defendant McFarland as being involved in the termination of his parental rights. ECF No. 1, pg. 3.

Plaintiff also states "I am filing a lawsuit against the Arkansas Dep. of human services failed to follow proper protocol." He identifies Defendants Brown and Norma as being involved in this claim. Plaintiff alleges "I have been accused of wrongful acts commited against my daughters. I also lost any and all assets in my life. I fill like I have no rights due to my past history." ECF No. 1. Plaintiff asserts "I am still a pre trial detainee and my rights have been taken away from my children it is innocent until proven guilty." ECF No. 1, pg. 7.

Lastly, Plaintiff states "he is filing a law suit against Ark state police crimes against children division for not following proper protocol." He again claims he has been accused of

---

[1] Although named as a defendant in Plaintiff's Complaint, Gregory E. Bryant is not listed as a named defendant on the Court's docket.

wrongful acts committed against his daughters and identifies Defendant Hampton as being involved with this claim. Plaintiff asserts if the initial investigation has been done properly, he "would have been found Innocent of these charges." ECF No. 1, pg. 6.

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

## DISCUSSION

A complaint should be dismissed for failure to state a claim if it appears beyond a doubt the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir. 2001). The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983 for several reasons. First, Plaintiff has made no factual allegations against Defendants Bryant, Lightfoot, Talley, and Jeffries, other than naming them as defendants in the lawsuit. Consequently, Plaintiff has failed to state any claim upon which relief can be granted

against these Defendants. Plaintiff's claims against the remaining defendants arise from either the state court's ruling in the DHS case terminating his parental rights or the pending state criminal charges against him.

Plaintiff's claims challenging the pending state criminal proceedings are barred under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 59 (1971). The *Younger* doctrine provides federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *See Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). Because Plaintiff's state criminal case is still pending, "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Younger*, 401 U.S. at 56. Although a narrow exception to the *Younger* abstention doctrine exists when a criminal prosecution is initiated "to retaliate for or discourage the exercise of constitutional rights," no such bad faith is alleged here. *See Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988). Accordingly, Plaintiff's claims relating to the validity of his pending criminal charges fail to state cognizable claims under § 1983.

Finally, Plaintiff names two judges and several attorneys in this lawsuit who either prosecuted Plaintiff or represented him in state proceedings. Judges and prosecuting attorneys serving in those capacities are typically immune from suit. *See Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity). Plaintiff's claims against the state court judge and state prosecutors is barred by immunity.

Lawyers representing defendants in a private capacity, either in civil or criminal litigation, are not "acting under color of state law." *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("a public defender

does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings." Plaintiff's claims against the private lawyers named as defendants fails to state a claim under § 1983 as these defendants did not act under color of state law.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint against all defendants be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 17th day of April 2017.**

>/s/ Barry A. Bryant
>HON. BARRY A. BRYANT
>UNITED STATES MAGISTRATE JUDGE